IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3079 |
| vs. | |
| BILLY ANTHONY O'KEEFE, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report (RPSR) and addendum in this case. The defendant has entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, but has nevertheless objected to factual statements in the RPSR. Filing 45.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objected to all paragraphs in the RPSR (¶¶ 17, 20, 29 and the addendum) that purport to support a role enhancement under U.S.S.G. § 3B1.1(b) for acting as a manager or supervisor. *See* filing 45 at 1. The defendant argues that this inaccuracy is material even if the 11(c)(1)(C) agreement is accepted by the Court because under 18 U.S.C. § 3632(d)(4)(D)(lxvii) it would make him ineligible for earning time credits while in prison for evidence-based recidivism reduction programming. *See* filing 45 at 2. If the defendant objects to any of the factual allegations contained in a presentence investigation report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Here, the Government has conceded that it would likely not be able to

meet its burden with respect to the role enhancement, and therefore the enhancement is not appropriate. *See* filing 43. So, the defendant's objection to a 3-level increase for role in the offense is sustained.

The defendant also objected to his categorization as a career offender based on convictions found at paragraphs 47, 48, 50, 56 and 57 of the RPSR. *See* filing 45 at 3. As relevant, a career offender must have at least two prior convictions for a controlled substance offense or a "crime of violence," which includes an offense "punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.1(a); U.S.S.G. § 4B1.2(a)(1). The defendant argues that the only crime of violence that would qualify as a predicate offense for enhancement under §§ 4B1.1 and 4B1.2 is found at paragraph 50.

Again, the government bears the burden of proving the applicability of this enhancement. *United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014). And the defendant may have a point with respect to his Nebraska convictions for third degree assault, which is a Class I misdemeanor punishable by "not more than one year" imprisonment. Neb. Rev. Stat. § 28-310; Neb. Rev. Stat. § 28-106; *see United States v. Viezcas-Soto*, 562 F.3d 903, 906 (8th Cir. 2009). But paragraph 57 describes a conviction for terroristic threats, a Class IIIA felony. *See* Neb. Rev. Stat. § 28-311.01. The defendant correctly notes this Court's previous holding that terroristic threats was not a "crime of violence" under the identical force clause of U.S.S.G. § 2L1.2. *United States v. Mateo-Francisco*, No. 4:13-cr-3041, slip op. at 2-5 (D. Neb. August 29, 2013). More recently, however, the Eighth Circuit held to the contrary in

applying the identical language of 18 U.S.C. § 924(e)(2)(B)(i) to Nebraska's terroristic threats statute. *Fletcher v. United States*, 858 F.3d 501, 506-08 (8th Cir. 2017). Pursuant to *Fletcher*, the Court's tentative conclusion is that the defendant has at least two convictions for crimes of violence and that the career offender guideline is applicable.

The defendant also objected to paragraph 68 of the RPSR which describes him as affiliated with a gang. *See* filing 45 at 3-4. While no enhancement for gang affiliation is applicable, this is a fact that may influence a defendant's sentence, and the government must prove the challenged fact by a preponderance of the evidence. *United States v. Garcia*, 447 F. App'x 752, 754 (8th Cir. 2011). Finally, the defendant objected to paragraph 67 of the RPSR, which describes a case that was dismissed and sealed, and requested it be stricken from the report. *See* filing 45 at 4. The Court will resolve the defendant's remaining objections at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

- 5 -

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 30th day of April, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge